UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN R. CHAVERS,<br><br>         Plaintiff,<br><br>v.<br><br>DONALD HOLBROOK, *et al.*,<br><br>         Defendants. | NO.  CV-12-5008-CI<br><br>ORDER DENYING MOTION TO COMPEL DOCUMENTS, MOTION FOR APPOINTMENT OF COUNSEL, REQUEST FOR CHANGE OF VENUE, AND MOTION FOR COURT TO DELIVER SUBPOENAS AND CONTACT WITNESSES |

BEFORE THE COURT is Plaintiff's Motion to Compel Documents, Request for Change of Venue, renewed Motion for appointment of counsel, and Motion for court to deliver subpoenas and contact witnesses. ECF No. 52, 53, 61, 62. Plaintiff, who appears *pro se*, is a prisoner at the Washington State Penitentiary; Defendants are represented by Assistant Attorney General Kevin Elliot. Plaintiff's Motions were consolidated and heard without oral argument on March 4, 2013.  Ecf No. 64.  The parties have not consented to proceedings before a magistrate judge.

**MOTION TO COMPEL DOCUMENTS**

Plaintiff asks the court to order Defendants to produce documents requested in a letter sent to Defendants on October 24, 2012.  ECF No. 42.  Defendants respond they have responded adequately to Plaintiff's request for documents, and have provided

ORDER DENYING MOTION TO COMPEL DOCUMENTS, MOTION FOR APPOINTMENT OF COUNSEL, REQUEST FOR CHANGE OF VENUE, AND MOTION FOR COURT TO DELIVER SUBPOENAS AND CONTACT WITNESSES - 1

copies of the requested documents to Plaintiff, free of charge. ECF No 56 at 1-2. On December 12, 2012, Plaintiff filed another "Request for Documents," asking for documentation of his wage history. It appears the pay and wage documents were requested through the Department of Corrections Public Disclosure Unit. *Id.* At Exhibit 2. Defendants respond all responsive documents in their possession were sent to Plaintiff on or before January 2, 2013. ECF No. 56, Exhibits 1 and 2. Plaintiff does not controvert this representation.

Plaintiff has not provided evidence to establish he attempted to confer with Defendants regarding outstanding discovery disputes as required by LR 37.1(b). Because Plaintiff has not complied with LR 37.1(b), and has failed to dispute Defendants' assertion that all documents in their possession were provided or identified with specificity documents that were not provided after January 2, 2013, his Motion to Compel Documents, **ECF NO. 52,** is **DENIED.**

**CHANGE OF VENUE**

The events alleged in Plaintiff's Complaint took place in Eastern Washington, Defendants are located in Eastern Washington, and Plaintiff is incarcerated in Eastern Washington. Therefore, venue in the Eastern District of Washington is proper. Plaintiff's arguments regarding the unavailability of a neutral jury is without merit, as his conviction took place over 20 years ago, the claims currently before the court involve civil matters, and the likelihood of biased jurors is remote. If Plaintiff's claims survive summary judgment and the matter goes to trial, Plaintiff may at that time petition the trial judge for a trial in Richland or Yakima.

ORDER DENYING MOTION TO COMPEL DOCUMENTS, MOTION FOR APPOINTMENT OF COUNSEL, REQUEST FOR CHANGE OF VENUE, AND MOTION FOR COURT TO DELIVER SUBPOENAS AND CONTACT WITNESSES - 2

Plaintiff's Request for Change of Venue, **ECF No. 53** is **DENIED.**

## APPOINTMENT OF COUNSEL

This court has discretion to designate counsel pursuant to 28 U.S.C. § 1915(e)(1) only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff renews his request for counsel for the sixth time. This is Plaintiff's sixth motion for counsel. ECF No. 61, *See also* ECF No. 46. No new facts are alleged and no change of circumstances exists to justify appointment of counsel. The fact that the court appointed counsel in a 2003 motion for reconsideration does not compel appointment of counsel for these proceedings. *See, e.g.,* E.D. Wa. No. Cause No. CV-01-5101-RHW, Ct. Rec. 80 at 2, (Plaintiff's complaint dismissed and court declined to enter a final order regarding Plaintiff's appointment of counsel). Further, Plaintiff's disagreement with the undersigned's rulings is not sufficient cause for appointment of counsel or change of venue. The court's finding of no exceptional circumstances is based on the application of the legal standard referenced in prior orders. The file demonstrates Plaintiff has the ability to present his case effectively without the appointment of counsel. Plaintiff's renewed request for counsel, ECF No. 61, is **DENIED**.

## LITIGATION ASSISTANCE

Plaintiff requests the court assist him in litigating this matter by contacting witnesses and delivering subpoenas on his behalf. ECF No. 61, 62. Plaintiff cites no authority under the FEDERAL RULES OF CIVIL PROCEDURE that allows or directs the court to assist in discovery on behalf of a party. *See, e.g.,* FED. R. CIV. P.

ORDER DENYING MOTION TO COMPEL DOCUMENTS, MOTION FOR APPOINTMENT OF COUNSEL, REQUEST FOR CHANGE OF VENUE, AND MOTION FOR COURT TO DELIVER SUBPOENAS AND CONTACT WITNESSES - 3

45.  Although 28 U.S.C. § 1915(d) authorizes officers of the court to serve all process, this authority does not extend to serving deposition subpoenas or contacting witnesses. Accordingly, Plaintiff's Motions for litigation assistance **ECF No. 61, 62**, are **DENIED.**

## CONCLUSION

1. Plaintiff's Motion to Compel Documents, **ECF No. 52,** is **DENIED.**

2. Plaintiff's Request for Change of Venue, **ECF No. 53,** is **DENIED.**

3. Plaintiff's renewed Motion for Appointment of Counsel, **ECF No. 61,** is **DENIED**.

4. Plaintiff's Motions for assistance in litigations, **ECF No. 61, 62,** are **DENIED.**

5. Hearing on Defendants' Motion for Summary Judgment remains set for hearing on **May 13, 2013**, without oral argument.

The District Court Executive is directed to enter this Order and forward a copy to the parties.

DATED April 18, 2013.


          S/ CYNTHIA IMBROGNO
         UNITED STATES MAGISTRATE JUDGE

ORDER DENYING MOTION TO COMPEL DOCUMENTS, MOTION FOR APPOINTMENT OF COUNSEL, REQUEST FOR CHANGE OF VENUE, AND MOTION FOR COURT TO DELIVER SUBPOENAS AND CONTACT WITNESSES - 4