1

2

3

4

5                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON
6

7  JOHN R. CHAVERS,                      CASE NO. 2:12-CV-5008-EFS

8          Plaintiff,
                                         **ORDER ADOPTING THE REPORT AND**
9       v.                               **RECOMMENDATION, AND SETTING**
                                         **FILING DEADLINE**
10  WASHINGTON   STATE   PENTITENTIARY;
   WSP SUPERINTENDENT HOLBROOK; DOC
11  MEDICAL DIRECTOR HAMMOND; and CI
   BUILDING MANAGER BRAD SANDAU,
12
           Defendants.
13

14 ────────────────────────────────

15        On July 6, 2015, Magistrate Judge John Rodgers filed a Report and

16 Recommendation to Deny Defendants' Motion for Summary Judgment.  ECF

17 No. 138.  Defendants filed objections to the Report and Recommendation,

18 ECF No. 140, to which Plaintiff John Chavers responded, ECF Nos. 141 &

19 152.

20        The Ninth Circuit's decision in this matter, *Chavers v. Holbrook*,

21 states in pertinent part, "we conclude that summary judgment on Chavers'

22 employment discrimination claim under the Rehabilitation Act (RA) was

23 improper because Chavers raised a genuine dispute of material fact as

24 to whether defendants' reasons for not hiring him were solely by reason

25 of his disability." No. 13-36142, 585 Fed. App'x 360 (9th Cir. Oct. 7,

26 2014) (unpublished opinion). It cited three cases among which was *Gates*

ORDER - 1

*v. Rowland,* 39 F.3d 1439, 1445-46 (9th Cir. 1994); it noted in a parenthetical that the case analyzed "the RA in the prison employment setting."

The complaint before both the District Court and the Ninth Circuit was the First Amended Complaint (FAC). It contained a specific section addressing Mr. Chavers' employment-discrimination claim. ECF No. 10. In it, Mr. Chavers stated, "WSP CI, I learned, had installed some kind of ramp through the medical detector, making it impossible for me to clear it." But that was not the only point he made in his FAC regarding the fact that he had not been hired. He clearly stated that the proffered reason of his "poor work performance" was an "outright lie." Taken together, the FAC asserts that his record of past employment demonstrated that his work had been more than satisfactory and that the installation of the ramp was an effort to prevent him from employment on the basis of his disability – being wheelchair bound. As the Court construes the employment-discrimination claim in the FAC, Mr. Chavers asserted that the true reason for the refusal to hire him was his disability – being wheelchair bound. The Ninth Circuit, based on the FAC and the record at the summary-judgement stage, found there was a genuine issue of material fact as to the Defendant's reasons for not hiring him.

On remand, Defendants filed a new summary-judgment motion that in pertinent part addressed the issue of whether Defendants' installation of a ramp at security violated Mr. Chavers' rights under the RA. Defendants take the Ninth Circuit's citation of *Gates v. Rowland* to focus attention on the reasonableness of a prison regulation or policy

as articulated in *Turner v. Safley,* 482 U.S. 78 (1987). The Court's view of the *Gates* citation is that the Ninth Circuit was simply noting that the RA applied in an employment setting. Had the Ninth Circuit wanted to narrow the issue to *Turner* factors, it would have stated as it often has that it was reversing and remanding to the district court for analysis of the employment issue using the *Turner* factors. It did the opposite: it actually found a genuine dispute of material fact regarding the reasons Mr. Chavers was not hired.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Report and Recommendation, **ECF No. 138**, is **ADOPTED.**

2. Defendants' Motion for Summary Judgment, **ECF No. 112**, is **DENIED IN PART AND GRANTED IN PART.**

3. Mr. Chavers' Motion to Expedite, **ECF No. 132**, **is DENIED AS MOOT.**

4. The case caption shall be amended as follows:

    JOHN R. CHAVERS,
        Plaintiff,
      v.

    WASHINGTON STATE PENTITENTIARY,
        Defendant.

5. A telephonic scheduling conference is set for **Monday, November 23, 2015, at 11:00 a.m.** The parties are to call the Court's public conference line, **1-888-363-4749,** and when prompted, enter access code **7621230**, and security code **1100.** **Defense counsel shall coordinate with the facility in which**

**Mr. Chavers is held to ensure that he can participate in this telephonic conference on a phone line, which provides a clear transmission, and with ready access to his legal materials.**

6.  No later than **November 13, 2015**, the parties shall file a joint status report suggesting trial dates, estimating trial length, indicating whether mediation or another alternative dispute resolution will be engaged in by the parties, and listing any other matters that will aid an efficient trial if this case proceeds to trial, including whether the parties will utilize technology in the presentation of the case.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to Plaintiff, counsel, and Magistrate Judge Rodgers.

**DATED** this __23rd__ day of September 2015.

s/Edward F. Shea
_____
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Civil\2012\5008.remand.findings.lcl.docx

ORDER – 4